UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

DECISION AND
ORDER DENYING
MOTION FOR
SENTENCE REDUCTION
PURSUANT TO 18 U.S.C.
§ 3582(c)(2)

-vs-

10-CR-6058-CJS-10

ALTON MAJORS, a/k/a "Streets,"
                                    Defendant.
_____

INTRODUCTION

Now before the Court is Defendant Alton Majors' ("Majors") motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The application is denied.

BACKGROUND

On September 22, 2010, Majors pled guilty, pursuant to a Plea Agreement (Docket No. [#161]), to a one-count superseding indictment charging him with violating 21 U.S.C. § 846, conspiracy to possess with intent to distribute, and to distribute, five (5) grams or more of cocaine base. As part of the plea, Majors agreed that "[a]t least 150 grams but less than 500 grams of cocaine base [was] the amount involved in [his] relevant conduct."[1] Majors further agreed that U.S. Sentencing Guidelines sections "2D1.1(a)(5)(B)(i)[2] and 2D1.1(c)(4)[3] appl[ied] to the offense of conviction and provide[d]

---

[1] Plea Agreement [#161] at p. 4.
[2] "Base Offense Level (Apply the greatest): . . . the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels;"
[3] Indicating that for "[a]t least 150 G but less than 500 G of Cocaine Base" the base offense level was 32.

1

for a base offense level of 30," and that he would receive a "two (2) level decrease pursuant to Guidelines § 3B1.2(b) (minor role in offense)."[4] In other words, the Plea Agreement indicated that because the amount of cocaine base involved was at least 150 grams but less than 500 grams," Majors' base offense level would ordinarily be 32, but because he was receiving an adjustment for a mitigating role, the base offense level was reduced two levels, to 30.

On March 29, 2011, U.S. Probation prepared a Presentence Investigation Report ("PSR") [#245] which calculated Majors' sentencing range under the advisory sentencing guidelines. The PSR noted that the Sentencing Guidelines had changed since the date of the Plea Agreement. More specifically, revised § 2D1.1(c) did away with the range of "at least 150 grams but less than 500 grams" of cocaine base, and instead, established, *inter alia*, a range of "at least 112 G but less than 196 G of Cocaine Base," for a Base Offense Level of 28, § 2D1.1C(6); a range of "at least 196 G but less than 280 G of Cocaine Base," for a Base Offense Level 30, § 2D1.1(c)(5); and a range of "at least 280 G but less than 840 G of Cocaine Base," for a Base Offense Level of 32, § 2D1.1(c)(4). In calculating Majors' Base Offense Level, Probation indicated, in the PSR, that it had taken the low end of the range to which he had pled guilty (150 grams), and used it to find of Base Offense Level of 28, pursuant to § 2D1.1(c)(6) (at least 112 grams but less than 196 grams). In that regard, the PSR stated, "This range was selected as it is the first level that incorporates the minimum (150 grams) originally agreed to by the parties."[5]

---

[4]Plea Agreement [#161] at pp. 4-5.
[5]PSR at p. 14, ¶ 49.

On April[6] 28, 2011, counsel and Majors appeared before the undersigned for sentencing. At that time, the Court noted that the Government had indicated, in its response to the PSR, that the correct base offense level was 30, not 28. Mr. Marangola ("Marangola"), the Assistant United States Attorney, explained that while the parties had agreed to a range of 150 grams to 500 grams, the amount was actually "far more than the 150 grams," and "closer to 500 [grams]."[7] In response to those statements, Defendant and his counsel agreed that the true amount of cocaine base at issue was "more than 196 grams," and that the correct base offense level was 30.[8] Assistant U.S. Attorney Marangola then clarified that when he said the amount was "closer to 500 grams," he meant that the amount was actually "between 280 [grams] and 840 [grams], not [between] 196 [grams] and 280 [grams]." However, Marangola indicated that the base offense level would be 30, based upon the application of § 2D1.1(a)(5)(B)(i), as agreed in the Plea Agreement.[9] In other words, Marangola stated that Majors was responsible for between 280 grams and 840 grams of cocaine base, which ordinarily would result in a base offense level of 32 under § 2D1.1(c)(4), but which, due to the application of § 2D1.1(a)(5)(B)(i) (because Majors was going to receive an adjustment for a minor role), would result in a base offense level of 30.[10] Defendant did not object to Marangola's calculation. Rather, in response to the Court's question, Majors and his counsel agreed with Marangola's calculation.[11] Further, Majors' attorney

---

[6]The transcript of the appearance [#425] incorrectly states the date as being February 28, 2011.
[7]Transcript [#425] at p. 11; *see also id.* at pp. 12, 13.
[8]Transcript [#425] at p. 16.
[9]Transcript [#425] at pp. 16-17.
[10]Transcript [#425] at pp. 17-18.
[11]Transcript [#425] at p. 18. Initially, Majors' attorney, Mr. Funk, indicated that he agreed that the amount was "more than 196 grams," without indicating *how much* more. *Id.* at p. 16. In other words, Funk did not indicate that the amount was less than a particular amount, just that it was more than 196 grams. After Marangola indicated that the amount was actually "between 280 and 840," Funk raised no objection, and

acknowledged that if Majors challenged the amount of cocaine base at issue, he could face an enhancement for obstruction of justice.[12]

The parties disagreed, however, as to whether Majors should lose points for acceptance of responsibility, which had been agreed to in the plea agreement, due to the fact that he had engaged in further criminal conduct after taking the plea. The Court adjourned the matter to allow further research and briefing on that issue.

On May 19, 2011, Majors submitted an updated sentencing memorandum [#241] addressed solely to the issue of acceptance of responsibility. Majors did not attempt to revisit the discussion concerning calculation of the base offense level.

On May 25, 2011, the parties again appeared before the Court for sentencing. *See*, Transcript [#277]. Initially, the Court ruled upon the issue of acceptance of responsibility. Then, there was further discussion among the parties, wherein it was agreed, again, that the correct base offense level was 30.[13] In that regard, Marangola referenced not only the discussion at the prior appearance, but also his sentencing memorandum, filed on April 20, 2011, in which he indicated that the correct range of of cocaine base was 280-840 grams.[14] Once again, Majors did not object, but rather, his counsel stated, "I believe we acknowledged that last time we were here."[15] The Court further stated, without objection, "I determined that your base offense level is 30. Now, that is by agreement on both sides."[16]

---

indicated that he and Majors agreed with Marangola's calculation of the base offense level. *Id.* at 18.
 [12]Transcript [#425] at p. 16.
 [13]Transcript [#277] at p. 16.
 [14]Transcript [#277] at p. 16 (referencing the Government's sentencing memorandum, docket no. [#266]).
 [15]Transcript [#277] at p. 16.

4

Consequently, the Court calculated Majors' sentencing range under the advisory guidelines, using a base offense level of 30, (premised upon 280-840 grams of cocaine base, Guidelines § 2D1.1(c)(4) = Level 32, which was reduced to Level 30 pursuant to 2D1.1(a)(5)(B)(i)), which was then adjusted down to 28 based upon Majors' minor role in the conspiracy. Using an adjusted offense level of 28 and a criminal history category of III, the Court found that Majors' advisory sentencing range was "97 to 121 months."[17] The Court sentenced Majors to the low end of that range, 97 months.

On April 27, 2015, Majors filed a motion [#385], pursuant to 18 U.S.C. § 3582(c)(2), asking that his sentence be reduced to 78 months. Majors indicated that on April 30, 2014, the United States Sentencing Commission had amended the guidelines' drug quantity table, "resulting in lower guideline ranges for most drug-trafficking offenses." Majors indicated that with these amendments, his revised advisory sentencing range was 78 months to 97 months. Apparently, in that regard, Majors calculated that his adjusted offense level would be 26. (Adjusted offense level of 26 with a criminal history category III = range of 78-97 months). However, the Court denied the application, finding that despite the amendments to the guidelines, Majors' sentencing range was still 97 to 121 months. The Court stated: "The high end of the agreed upon range was 500 grams of cocaine base. Accordingly, under the applicable amended guidelines, the offense level remains at 30, which after the two level adjustment for role in the offense, becomes 28, and with a Criminal History category of III, the guideline remains unchanged at 97 to 121 months." Order [#419].

---

[16]Transcript [#277] at p. 28.
[17]Transcript [#277] at pp. 28-29.

Majors appealed. Apparently on appeal, the Assistant United States Attorney handling the appeal, who was not Marangola, incorrectly "conceded" that "Majors' original sentence was based on a range of 196 to 280 grams of cocaine base." Second Circuit's Summary Order [#436]. The Second Circuit remanded the case, directing this Court to clarify the basis for its denial of Majors' motion. In that regard the Circuit Court noted that there was ambiguity as to how the Court had originally arrived at the base offense level of 30, stating:

> [U]nder the version of the United States Sentencing Guidelines in effect at Majors's original sentencing, Majors's base offense level of 30 could have been calculated based on a finding of either 196 to 280 grams or 280 to 840 grams of cocaine base. *See* U.S. Sentencing Guidelines Manual Supp. § 2D1.1(c)(4)– (5) (U.S. Sentencing Comm'n 2010) (setting a base offense level of 30 for 196 to 280 grams of cocaine base and a base offense level of 32 for 280 to 840 grams of cocaine base); U.S. Sentencing Guidelines Manual § 2D1.1(a)(5)(B)(i) (U.S. Sentencing Comm'n 2010) (decreasing base offense level of 32 by two if defendant receives a mitigating role adjustment, as Majors did); Joint App. 89–91. This ambiguity is compounded by the fact that, on appeal, the government concedes that Majors's original sentence was based on a range of 196 to 280 grams of cocaine base. Majors would be eligible for a sentence reduction if the 2014 Guidelines were applied to *this range* and other aspects of his Guidelines calculation remained the same. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(6) (U.S. Sentencing Comm'n 2014).

*Id.* at pp. 3-4 (emphasis added).

DISCUSSION

Consistent with the Second Circuit's direction, the Court clarifies that Majors' original sentence was based upon a drug quantity of 280 to 840 grams of cocaine base, which, due to the application of § 2D1.1(a)(5)(B)(i), resulted in a base offense level of

6

30, rather than 32. The Government was mistaken insofar as it stated, on appeal, that the drug quantity was 196 to 280 grams. Moreover, applying that quantity (280 to 840 grams of cocaine base) to the amended guidelines still results in a base offense level of 30, § 2D1.1(c)(5). That is because under the amended guidelines, § 2D1.1(a)(5)(B)(i) no longer applies to Majors, since it does not pertain where the base offense level is only 30. In effect, therefore, under the amended guidelines, Major loses the benefit under § 2D1.1(a)(5)(B)(i) that he had under the guidelines at the time of sentencing. With a base offense level of 30 and a two-level reduction for a minor role, Majors still has an adjusted offense level of 28 and a criminal history category III, which still results in a sentencing range of 97-121 months. Accordingly, Majors' sentencing range under the advisory guidelines did not change, despite the amendments.

The application under § 3582(c)(2) is therefore denied. *See, United States v. Arcinegas*, No. 15-2333-CR, 2017 WL 1437105, at *1 (2d Cir. Apr. 24, 2017) ("A district court may not reduce a sentence under § 3582(c)(2) if a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), (d); *see also United States v. Martinez*, 572 F.3d 82, 85–86 (2d Cir. 2009)."); *see also, United States v. Leonard*, 844 F.3d 102, 117 (2d Cir. 2016) ("To be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), a defendant must satisfactorily demonstrate (a) that his sentence was 'based on' the Sentencing Guidelines, and (b) that his 'applicable' Guidelines range was lowered by a subsequent retroactive amendment.").

CONCLUSION

Majors' application for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

SO ORDERED.

Dated: Rochester, New York
June 27, 2017

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge